UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES A. BULLOCK,** : | |
| **Plaintiff,** : | **CIVIL NO. 1:CV-04-2639** |
| : | |
| v. : | **(Judge Kane)** |
| : | |
| **JOHN ASHCROFT, et al.,** : | |
| **Defendants.** : | |

### O R D E R

Plaintiff, James A. Bullock, an inmate at the Allenwood United States Penitentiary ("USP-Allenwood") in White Deer, Pennsylvania, commenced this pro se action with a Bivens[1] civil rights complaint (Doc. 1). Presently before the Court is the Defendant's motion to dismiss or, in the alternative, for summary judgment (Doc. 41) alleging that Plaintiff has failed to exhaust administrative remedies. Although Plaintiff's brief in opposition and his counter-statement of facts are now overdue, he has neither made an appropriate filing nor requested an extension of time in which to do so.

A dispositive motion generally may not be granted merely because it is unopposed. Since Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure," Anchorage Assoc. v. Virgin Islands Board of Tax Review, 922 F.2d 168, 174 (3d Cir. 1990), the disposition of an unopposed motion ordinarily requires a merits analysis. The United States Court of Appeals for the Third Circuit has stated, however, that Local Rule 7.6 can be

---

1. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

applied to grant a motion to dismiss without analysis of the complaint's sufficiency "if a party fails to comply with the rule after a specific direction to comply from the court." Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

Local Rule 7.6 provides that if a party fails to file an opposing brief within fifteen (15) days after service of the movant's brief, the motion will be deemed unopposed. Based on his failure to take any action in response to Defendant's motion, it would appear that Plaintiff may have abandoned interest in pursuing this matter. However, the Court will grant additional time for the Plaintiff to respond to the motion and direct him to file a brief in opposition and a counter-statement of facts within twenty (20) days. If Plaintiff fails to oppose the motion or otherwise communicate with the Court within twenty (20) days of the date of this Order, the motion to dismiss will be deemed unopposed and granted without a merits analysis, and the Court will consider dismissing this case for failure to prosecute and failure to comply with a court Order under FED.R.Civ.P. 41(b).

**AND NOW, THEREFORE, THIS 17th DAY OF FEBRUARY, 2006, IT IS HEREBY ORDERED THAT** Plaintiff shall file a brief in opposition and counter-statement of facts to Defendant's motion to dismiss or, in the alternative, for summary judgment (Doc. 41) within twenty (20) days of the date of this Order. If Plaintiff fails to file the brief in opposition the Court will deem the motion to dismiss unopposed under M. D. Pa. L. R. 7.6, and dismiss the case without a merits analysis. See M.D. Pa. Local Rule 7.6; Fed. R. Civ. P. 41(b); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

    S/ Yvette Kane  
YVETTE KANE  
United States District Judge