IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES A. BULLOCK, | : | CIVIL NO. 1:CV-04-2639 |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| JOHN ASHCROFT, et al., | : | |
| Defendants | : | |

## **M E M O R A N D U M**

### I.  **Background**

James A. Bullock, an inmate at the Schuylkill Federal Correctional Institution in Minersvile, Pennsylvania, originally filed this pro se Bivens[1] civil rights complaint in the United States District Court for the District of Columbia.  The matter was transferred to this Court on December 7, 2004. Prior to screening the complaint, Plaintiff filed an amended complaint (Doc. 5).  In the amended complaint Plaintiff claimed that while previously incarcerated at the United States Penitentiary at Allenwood (USP-Allenwood), White Deer, Pennsylvania, staff members there conspired to deny him adequate medical care. Named as Defendants were former United States Attorney General John Ashcroft; Harley G. Lappiri; Troy Williamson, Warden at the United States Penitentiary at Allenwood (USP-Allenwood); HSA Administrator Ronald Laino; and Deven Chanmugen, M.D. An Order was issued on January 7, 2005, directing service of the first amended complaint. Defendants thereafter sought an enlargement of time within which to respond to the amended

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

complaint which was granted by the Court on March 17, 2005.  Prior to the filing by Defendants of their response to the amended complaint, Plaintiff filed a motion for leave to file a second amended complaint, along with a copy of the proposed amended document attached as an exhibit.  On May 13, 2005, Defendants filed a motion to dismiss or, in the alternative, for summary judgment on Plaintiff's first amended complaint.  By Order dated October 14, 2005 (Doc. 32), the Court granted Plaintiff's motion for leave to file the second amended complaint, and the proposed amended document attached to the motion was accepted by the Court.  (Doc. 23, Att. 1.)  The only Defendant named in the second amended complaint is physician's assistant Holtzapple.  Consequently, Defendants' motion to dismiss or, in the alternative, for summary judgment on Plaintiff's first amended complaint was dismissed as moot.

On January 17, 2006, Defendant Holtzapple filed a motion to dismiss or, in the alternative, for summary judgment as to Plaintiff's second amended complaint.  A brief in support of the motion and a statement of uncontested facts have also been submitted.  Having received no response from Plaintiff to the motion, the Court issued an Order on February 17, 2006 (Doc. 45), directing Plaintiff to file a counter-statement of the facts and a brief in opposition to the motion within twenty (20) days from the date of the Order.  Plaintiff's copy of the Order was returned to the Court as undeliverable, and then re-mailed to Plaintiff at his correct address on February 24, 2006.  (Doc. 48.)

Plaintiff thereafter filed a third amended complaint on March 2, 2006 (Doc. 50) and a fourth amended complaint on March 20, 2006 (Doc. 57).  Each of the complaints were on the Court's form civil rights complaint, and submitted without requesting leave of Court to file the complaints or Defendant's consent to do so.  On March 22, 2006, Plaintiff filed a document entitled "Brief in

2

Opposition to Defendant's Brief" (Doc. 58), which he clearly intends to be his brief in opposition to Defendant's motion to dismiss or, in the alternative, for summary judgment as to Plaintiff's second amended complaint.  In addition to Defendant Holtzapple's motion to dismiss or, in the alternative, for summary judgment relating to the second amended complaint and Plaintiff's two dangling amended complaints, also pending are the following motions filed by Plaintiff:  motion for hearing (Doc. 39); motion "under proffer agreement to all Defendants" (Doc. 55), construed by the Court as a motion for settlement; and third motion for appointment of counsel (Doc. 56).  For the reasons that follow, Plaintiff's motion for hearing and Defendant's motion to dismiss will be denied, Defendant's motion for summary judgment will be granted, the third and fourth amended complaints will be stricken, and the remaining motions will be denied as moot.

**II.      Discussion**

     **A.      Plaintiff's Third and Fourth Amended Complaints**

If the Court were to accept Plaintiff's third and/or fourth amended complaints, Defendant's motion to dismiss or, in the alternative for summary judgment with respect to the second amended complaint will be rendered moot.  Thus, the Court must first address the propriety of these documents.  Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party. . . ."  Fed. R. Civ. P. 15(a).  Plaintiff filed his first amended complaint of right under the provisions of Rule 15(a), and he properly obtained leave of Court to file his second amended complaint.  However, since Plaintiff's third and fourth amended complaints were filed without leave of court and without written consent of Defendant, these pleadings will be stricken.

3

**B.     Motion to Dismiss**

In rendering a decision on a motion to dismiss, the Court must accept the plaintiff's allegations as true. White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). Moreover, a motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief. Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004). The Court should consider the allegations in the complaint, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents. See Angstadt v. Midd-West School Dist., 377 F.3d 338, 342 (3d Cir. 2004); Pension Guar. Corp. White Consol. Indus., Inc., 908 F.2d 1192, 1196 (3d Cir. 1993). Since Defendant's motion goes beyond the facts set forth in the complaint and relies upon supplemental documentation submitted with the brief in support of the motion, the motion to dismiss will be denied and the motion considered on summary judgment.

**C.     Motion for Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment has the burden of proving that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Additionally, on summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 248 (1986).  To preclude summary judgment, there must be a "genuine" issue of a material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Id. at 249-50 (citations omitted).

Moreover, Rule 56 provides that the adverse party may not simply sit back and rest on the allegations contained in the pleadings.  Rather, the adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).  When addressing a summary judgment motion, the Court's inquiry focuses on "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."  Anderson, 477 U.S. at 251-52 (emphasis added).

### D.     Exhaustion Requirement

Plaintiff alleges violation of his "Constitutional right to privacy . . . [when] physician (sic) assistant Holtzapple discuss (sic) with Mr. Kevin Stanton my medical condition, first that I was dying of AIDS, and is (sic) a homosexual."  (Doc. 31 at 2.)  Defendant claims that Plaintiff has failed to exhaust his administrative remedies on his claim, thus entitling Defendant to summary judgment. With respect to the exhaustion of administrative remedies, 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under
> Section 1979 of the Revised Statutes of the United States (42 U.S.C.
> 1983), or any other federal law, by a prisoner confined in any jail,
> prison, or other correctional facility until such administrative remedies
> as are available are exhausted.

42 U.S.C. § 1997e(a).  "This provision makes no distinction between an action for damages,

5

injunctive relief, or both.  The exhaustion requirement is mandatory, whether or not the administrative remedies afford the inmate-plaintiff the relief sought in the federal court action." Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000).  Thus, prisoners are required to exhaust available administrative remedies prior to seeking relief pursuant to 42 U.S.C. § 1983 or any other federal law.  Fortes v. Harding, 19 F. Supp. 2d 323, 325 (M.D. Pa. 1998).

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment.  See 28 C.F.R. §§ 542.10 - 542.19.  First, inmates shall informally present their complaints to the unit team, and the unit team shall attempt to informally resolve any issue before an inmate files a request for Administrative Remedy.  Id. at 542.13(a).  If an inmate is unable to informally resolve his complaint, he may file a formal written complaint, on the appropriate form, to the warden of the institution where the inmate is confined.  Id. at § 542.14.  If an inmate is not satisfied with the warden's response, the response may be appealed (on the appropriate form) to the Regional Director.  Id. at § 542.15.  Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to the General Counsel (central office).  Id.

In the second amended complaint, Plaintiff acknowledges that there is a prisoner grievance procedure in place, and he has availed himself of that procedure.  (Doc. 31 at 1.)  However, a review of the record confirms that Plaintiff had not filed any grievances related to disclosure of confidential information by Holtzapple, and thus he has failed to exhaust the claim raised in the second amended complaint.  Id. at 4-5, ¶ 10.

Defendant has filed a statement of material facts not in dispute (Doc. 43), which are

uncontested by Plaintiff.[2]  In support of the material facts, Defendant has submitted supplemental documents in support of the pending motion which incorporate the sworn declaration of Allenwood senior attorney Joseph McCluskey.  (Doc. 42, Ex. 1.)  McCluskey states that in the ordinary course of business, the BOP maintains a computerized record of all administrative requests and appeals filed by inmates.  The record discloses that since February 23, 2005, the date of Defendant's alleged violation of Plaintiff's privacy rights, Plaintiff has filed seven administrative remedies.  (Doc. 42, Ex. 1 at 5, ¶ 10.)  Three of these grievances were rejected for administrative errors and one was withdrawn, thus rendering all four unexhausted.  (Id.)  Of the remaining three, one alleged inadequate medical care by other parties and two alleged misconduct by the Code Treatment Specialist, and therefore none related to a privacy violation by Defendant.  (Id.)  Plaintiff has failed to present any evidence that he has exhausted his administrative remedies to overcome Defendant's documents submitted in support of her motion.  Liberally construing the record in a light most favorable to this pro se Plaintiff, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court concludes that Plaintiff has failed to exhaust his administrative remedies on the issue raised in the instant complaint.  The complete administrative procedure was available to Plaintiff, and he did not avail himself of that process.  The procedure contemplates several tiers of review, and the grievance system is not exhausted when an inmate fails to take timely action through established channels to a conclusion.  Plaintiff's failure to comply with established procedures warrants summary judgment.

---

[2]  Pursuant to M.D. Pa. Local Rule 56.1, "[a] motion for summary judgment . . . shall be accompanied by a . . . statement of material facts . . . The papers opposing a motion for summary judgment shall include a separate . . . statement of [material facts] responding to [movant's statement of material facts]. . . All material facts set forth in [movant's statement of facts] will be deemed to be admitted unless controverted by the statement required to be served by the opposing party. Accordingly, Defendant's statement of material facts will be deemed admitted by Plaintiff.

An appropriate Order follows.

**III.   Order**

**AND NOW, THEREFORE, THIS 15th   DAY OF JUNE 2006,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's third amended complaint (Doc. 50) and Plaintiff's fourth amended complaint (Doc. 57) are stricken from the record.
2. Defendant's motion for motion for summary judgment (Doc. 41) is **GRANTED**.
3. The Clerk of Court is directed to enter judgment in favor of Defendant and against Plaintiff.
4. Plaintiff's motion for hearing (Doc. 39), motion "under proffer agreement to all Defendants" (Doc. 55), construed by the Court as a motion for settlement, and third motion for appointment of counsel (Doc. 56) are **DENIED** as moot.
5. The Clerk of Court is directed to close this case.
6. Any appeal from this Order shall be deemed frivolous, without probable cause, and not taken in good faith.

S/ Yvette Kane
YVETTE KANE
United States District Judge
